# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| LISA L. MONTGOMERY, | ) |   |
|---|---|---|
| Plaintiff, | ) |   |
| vs. | ) | Case No. CIV-15-504-SM |
| CAROLYN W. COLVIN, acting Commissioner Social Security Administration, | ) |   |
| Defendant. | ) |   |

## MEMORANDUM OPINION AND ORDER

Lisa L. Montgomery (Plaintiff) brings this action for judicial review of the Defendant Acting Commissioner of Social Security's (Commissioner) final decision that she was not "disabled" under the terms of the Social Security Act.[1] *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). Chief United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed.

---

[1] The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

R. Civ. P. 72(b). Doc. 3. The parties then consented to having the undersigned conduct all further proceedings, including the entry of a final judgment. Doc. 13. Following a careful review of the parties' briefs, the administrative record (AR), and the relevant authority, the undersigned reverses and remands the Commissioner's decision.

## I. Administrative proceedings.

Plaintiff applied for benefits, alleging her impairments became disabling on April 5, 2011. AR 169. The Social Security Administration (SSA) initially and on reconsideration denied Plaintiff's claim. *Id.* at 112-16, 118-21. At Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 31-70; 122-25. The ALJ denied Plaintiff benefits and the SSA Appeals Council declined Plaintiff's request for review; Plaintiff now seeks review of the Commissioner's final decision. *Id.* at 14-26, 1-5; Doc. 1.

## II. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988)

(describing the five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. § 404.1520; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If she succeeds, the ALJ conducts a residual functional capacity (RFC)[2] assessment at step four to determine what Plaintiff can still do despite her impairments. *See* 20 C.F.R. § 404.1520(a)(4)(iv); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff shows she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

## III. The ALJ's findings.

Following the familiar five-step inquiry, the ALJ found: Plaintiff had not engaged in substantial gainful activity since April 5, 2011, the alleged onset date, and has the severe impairments of migraine headaches; cervical spine impairment; carpel tunnel syndrome; rotator cuff tear; and anxiety. AR 16. The ALJ concluded Plaintiff has the RFC to perform sedentary work "except she can never climb ladders, ropes or scaffolds, but can frequently climb ramps and stairs[;] frequently balance, stoop and crouch[;] frequently

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a).

3

reach sideways, forward and overhead with the upper left extremity[;] and frequently handle and finger bilaterally." *Id*. at 18. The RFC assessment further stated her "[w]ork must be limited to simple, routine and repetitive tasks[;] occasional interaction with co-workers, supervisors and the public[;] and free of production rate pace." *Id*. After she determined Plaintiff could not perform her past relevant work, the ALJ found Plaintiff could perform the following occupations: tube operator, document preparer, and addresser, each of which exists in significant numbers in the national economy. *Id*. at 26. The ALJ concluded Plaintiff was not disabled. *Id*.

IV. **Discussion**

    A.    **Standard for review.**

The court reviews the Commissioner's final "'decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied.'" *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (citation omitted); s*ee Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations omitted). In reviewing the ALJ's opinion, "common sense, not technical perfection, is [the court's] guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

B. **Claimed errors.**

Plaintiff raises two claims: the ALJ (1) "failed to provide any rationale for rejecting the opinions of the State agency medical consultants," and (2) "erred by rejecting [Plaintiff's] treating source's opinions." Doc. 15, at 8. Because the undersigned agrees with Plaintiff's first challenge, this report does not address the second claim. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

C. **The ALJ's failure to explain her tacit rejection of the state-agency medical consultants' opinions.**

Plaintiff claims the ALJ selectively ignored portions of the State agency medical consultants' opinions that contradict the ALJ's assessed RFC. Doc. 15, at 3-15, 8-21. The ALJ stated she had accorded "some weight" to these opinions, but also stated that Plaintiff is "more limited" because of additional "evidence received at the hearing level . . . ." *Id.* at 9, 14; AR 24.

Plaintiff submits – correctly – that both Yondell Moore, M.D., and Kelvin Samaratunga, M.D., limited Plaintiff to "*occasionally*, bilaterally" manipulate small objects and effectively grasp tools. AR 78, 99 (emphasis added). Dr. Samaratunga also added a restriction to his RFC, noting "Left in front and/or bilaterally" and "Left Overhead" reaching limitations. *Id.* at 98; *see id.* at 99 ("LT. SHOULDER LIMITED TO *OCCA*" and "lt. shoulder restriction added to RFC . . . ."). The ALJ, however, determined Plaintiff can

5

"*frequently* reach sideways, forward and *overhead with the left upper extremity and frequently handle and finger bilaterally.*" *Id.* at 18 (emphases added).

In considering the medical consultants' opinions, the ALJ found:

> The State agency medical consultants who reviewed the evidence found the claimant could perform some light work with some postural and manipulative limitations (Exhibit 1A and 4A). These opinions are given some weight but additional evidence received at the hearing level shows the claimant to be more limited.

*Id.* at 24.

The ALJ may reject Drs. Moore's and Samaratunga's opinions that Plaintiff is restricted to work requiring only occasional fingering, handling, and reaching with her left upper extremity, but she must explain why. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting h[er] decision, the ALJ also must discuss the uncontroverted evidence [s]he chooses not to rely upon, as well as significantly probative evidence [s]he rejects."). The ALJ referred to hearing "additional evidence received at the hearing level . . . ." AR 24. But the only "additional" evidence she points to in her decision is that "the claimant testified she can pick up coins, button, zip and tie shoes." *Id.* at 21. Even if the ALJ found this testimony sufficient to discredit the experts' handling and

fingering limitations, it does not support her decision to reject the limitation to only occasional reaching.

This error is not harmless. The three jobs the ALJ found Plaintiff capable of performing at step five, AR 26, all require frequent handling and reaching. *Id.* at 26.

V. **Conclusion.**

The court reverses and remands the Commissioner's decision.

ENTERED this 1st day of April, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE